```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


WIRELESS BUYBACKS, LLC          :
                                : CIVIL ACTION
          Plaintiff             :
                                :
          vs.                   : NO. 14-CV-1666
                                :
GO MOBILE, INC.                 :
                                :
          Defendant             :
```

**MEMORANDUM AND ORDER**

**JOYNER, J.**                                           **December 1, 2014**

This civil action has been brought before the Court on Motion of the Defendant Go Mobile, Inc. for the entry of Partial Summary Judgment in its favor. For the reasons which follow, the motion shall be granted.

**Factual Background**

According to the allegations in the First Amended Complaint ("FAC"), this case arises out of a contract between the parties[1] pursuant to which Defendant agreed to provide Plaintiff with some 953 refurbished Sprint HTC EVO Design cellular telephones in

---

[1] Plaintiff Wireless Buybacks is a Delaware limited liability company with a principal place of business in Elkridge, MD and "is in the business of buying and reselling top-quality, pre-owned wireless phones in the secondary market." (First Am. Compl., ¶s 1,2). Defendant, Go Mobile is a Pennsylvania corporation with registered offices and/or business addresses in Warrington and Souderton, Pennsylvania. Go-Mobile "is a wholesaler in the secondary market for pre-owned wireless phones). (First Am. Compl., ¶s 3, 4).

exchange for the payment of $247,780.00.[2]  Under the terms of this agreement, which was initially negotiated in or around November 2012, the handsets were to be capable of being activated on the Sprint PCS Network, which is Sprint's national wireless network for its customers with monthly voice and data plans.

Beginning in November 2012 and continuing through February 2013, Defendant delivered to Plaintiff a total of 953 refurbished Boost Mobile HTC Evo Design handsets at the agreed price of $260 each.  (FAC, ¶32).  The Boost Mobile phones, however, were incapable of being activated on the Sprint PCS Network, as they are in the PLBL database and do not appear in the Sprint PCS database.  (FAC, ¶s 28-30, 36-37).  Despite numerous discussions back and forth between the parties and despite Plaintiff having returned the Boost mobile phones, Defendant never provided the conforming Sprint-branded phones to Plaintiff nor apparently did Defendant ever refund the full purchase price paid for the 953 handsets which were ordered.  Plaintiff therefore initiated this lawsuit on March 20, 2014 for breach of contract and fraud seeking to recover compensatory and punitive damages as well as attorneys' fees, interest and costs of suit.

By the motion which is now before the Court, Defendant seeks the entry of judgment in its favor on Plaintiff's fraud claim and

---

[2]  As reflected in the averments in paragraphs 8 - 17 of Plaintiff's First Amended Complaint, the contract originally called for Defendant to supply 1000 of the HTC Evo Design handsets to Plaintiff at a price of $260 each.

on its claim for the recovery of attorneys' fees and punitive damages on the grounds that (1) the claim for fraud is barred by the "gist of the action" doctrine and (2) that Pennsylvania law does not permit the recovery of punitive damages in breach of contract actions.  Defendant additionally argues that attorneys' fees can not be recovered in the absence of a contractual fee-shifting provision to that effect.

### **Summary Judgment Standards**

It is Fed. R. Civ. P. 56(a) which outlines the standards to be employed by the federal courts in considering motions for summary judgment.  That Rule states, in pertinent part:

> A party may move for summary judgment, identifying each claim or defense - or the part of each claim or defense - on which summary judgment is sought.  The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law...

In reviewing the record before it for purposes of assessing the propriety of entering summary judgment, the court should view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor.  <u>Ma v. Westinghouse Electric Co.</u>, No. 13-2433, 2014 U.S. App. LEXIS 5049, *9 (March 18, 2014); <u>Burton v. Teleflex, Inc.</u>, 707 F.3d 417, 425 (3d Cir. 2013).  The initial burden is on the party seeking summary judgment to point to the evidence "which it believes demonstrate the absence of a genuine issue of material fact."  <u>United States v. Donovan</u>, 661 F.3d 174, 185 (3d Cir.

3

2011)(quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986)). An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party, and a factual dispute is material only if it might affect the outcome of the suit under governing law. Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006)(citing Anderson v. Liberty Lobby, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed.2d 202 (1986)).

Moreover, to survive summary judgment, the non-moving party must present more than a mere scintilla of evidence; there must be evidence on which the jury could reasonably find for the non-movant. Jakimas v. Hoffman-LaRoche, Inc., 485 F.3d 770, 777 (3d Cir. 2007). Conclusory statements and general denials will not suffice, nor can the non-movant simply reassert factually unsupported allegations contained in the pleadings. Williams v. West Chester, 891 F.2d 458, 460 (3d Cir. 1989); Franklin County Area Development Corp. v. Leos, 462 B.R. 151, 154 (Bankr. M.D. Pa. 2011); Luther v. Kia Motors America, Inc., 676 F. Supp. 2d 408, 415 (W.D. Pa. 2009). And, "if there is a chance that a reasonable juror would not accept a moving party's necessary propositions of fact," summary judgment is inappropriate." Burton, supra, (quoting El v. SEPTA, 479 F. 3d 232, 238 (3d Cir. 2007)).

## Discussion

*1. Gist of the Action*

Although never formally adopted by the Pennsylvania Supreme Court, the gist of the action doctrine is generally accepted as established Pennsylvania law, having first been articulated and applied by the Pennsylvania Superior Court and later by the various federal courts (including this one) applying the law of this Commonwealth.  In several instances, the principle has also at least been acknowledged by the Supreme Court of Pennsylvania.[3]

In essence, the gist of the action doctrine is "designed to maintain the conceptual distinction between breach of contract

---

[3]   As was cogently observed in Reardon v. Allegheny College, 2007 PA Super 160, 926 A.2d 477, 485-486 (2007):

> While an intensive research effort does indicate that our Supreme Court has not explicitly reviewed the concept under the appellation "gist of the action," dicta from the Court indicates it recognizes that allowing plaintiffs to forward both tortious and contractual theories of recovery arising out of damages allegedly incurred in the context of a contractual relationship is problematic.  Over 40 years ago the Court stated "to permit a promisee to sue his promisor in tort for breaches of contract *inter se* would erode the usual rules of contractual recovery and inject confusion into our well-settled forms of actions. Most courts have been cautious about permitting tort recovery for contractual breaches and we are in full accord with this policy." ...
>
> The methods of proof and the damages recoverable in actions for breach of contract are well established and need not be embellished by new procedures or new concepts which might tend to confuse both the bar and litigants. ... Thereafter, both this Court and various federal courts have operated under the assumption that the gist of the action doctrine is a viable doctrine that will eventually be explicitly adopted by our state's High Court.  The Supreme Court is clearly aware of the frequent use of this doctrine by both the lower and federal courts of this state, but has declined at least three opportunities to put an end to its use. As a consequence, we consider the gist of the action doctrine to be viable.

citing, *inter alia*, Yocca v. Pittsburgh Steelers Sports, Inc., 578 Pa. 479, 854 A.2d 425, 433 (2004); Glazer v. Chandler, 414 Pa. 304, 200 A.2d 416, 418 (1964); Hart v. Arnold, 2005 PA Super 328, 884 A.2d 316, 339 (2005); Pittsburgh Construction Co. v. Griffith, 2003 PA Super 374, 834 A.2d 572, 584 (2003).

5

and tort claims" in that it "bars a plaintiff from re-casting ordinary breach of contract claims into tort claims." <u>Knight v. Springfield Hyundai</u>, 2013 PA Super 309, 81 A.3d 940, 950 (Pa. Super. 2013)(quoting <u>Empire Trucking Co., Inc. v. Reading Anthracite Coal Co.</u>, 2013 PA Super 148, 71 A.3d 923, 931, n.2 (Pa. Super. 2013); <u>Etoll, Inc. v. Elias/Savion Advertising, Inc.</u>, 2002 PA Super. 347, 811 A.2d 10, 14 (Pa. Super. 2002)(citing <u>Bash v. Bell Telephone Co.</u>, 411 Pa. Super. 347, 601 A.2d 825, 829 (1992)). This is because

> "although they derive from a common origin, distinct differences between civil actions for tort and contract breach have developed at common law. Tort actions lie for breaches of duties imposed by law as a matter of social policy, while contract actions lie only for breaches of duties imposed by mutual consensus agreements between particular individuals. To permit a promisee to sue his promisor in tort for breaches of contract inter se would erode the usual rules of contractual recovery and inject confusion into our well-settled forms of actions.

<u>Mirizio v. Joseph</u>, 2010 PA Super 70, 4 A.3d 1073, 1079 (Pa. Super. 2010)(quoting <u>Bash</u>, <u>supra</u>.). Hence, "although mere non-performance of a contract does not constitute a fraud, it is possible that a breach of contract also gives rise to an actionable tort. To be construed as in tort, however, the wrong ascribed to defendant must be the gist of the action, the contract being collateral." <u>Id</u>, at 4 A.3d at 1080.

In other words, the gist of the action doctrine operates to foreclose tort claims: (1) arising solely from the contractual relationship between the parties; (2) when the alleged duties

breached were grounded in the contract itself; (3) where any liability stems from the contract; and (4) when the tort claim essentially duplicates the breach of contract claim or where the success of the tort claim is dependent on the success of the breach of contract claim.  Reardon v. Allegheny College, supra, 926 A.2d at 486.  Where fraud claims are intertwined with breach of contract claims and the duties allegedly breached are created and grounded in the contract itself, the gist of the action is breach of contract; claims of fraud in the performance of a contract are generally barred under the gist of the action doctrine.  Etoll, 811 A.2d at 17, 18.

In the case at hand, Plaintiff alleges that despite Defendant having "explicitly promised to provide handsets for activation on the Spring PCS Network, 'not plbl,'" and Defendant having "affirmatively represented ... that it was shipping genuine refurbished Sprint PCS handsets for activation on the Sprint PCS Network, ..." the phones that were sent were "nonconforming Boost phones."  (FAC, ¶s 73, 74, 77). Accordingly, we find that the gravamen of Count II is clearly fraud in the performance of the agreement, that the duties allegedly breached were grounded in the contract itself, and that the gist of the action is breach of contract.  We therefore agree with Defendant that the claim for fraud is barred by the gist of the action doctrine and that judgment as a matter of law is properly entered

in its favor as to Count II of the First Amended Complaint.

    *2. Punitive Damages*

In addition to seeking the recovery of the monies which it paid for the phones which it ordered but did not receive, Plaintiff asks for punitive damages.  As a general rule, punitive damages cannot be recovered merely for breach of contract. <u>Nicholas v. Pennsylvania State University</u>, 227 F.3d 133, 147 (3d Cir. 2000); <u>Baker v. Pennsylvania National Mutual Casualty Insurance Co.</u>, 370 Pa. Super. 461, 469-470, 536 A.2d 1357, 1361 (1987); <u>Rittenhouse Regency Affiliates v. Passen</u>, 333 Pa. Super. 613, 615, 782 A.2d 1042, 1043 (1984).  Insofar as this is nothing more than a simple breach of contract action, Defendant is likewise entitled to the entry of judgment in its favor as a matter of law on Plaintiff's claim for the recovery of punitive damages.

    *3. Entitlement to Attorneys' Fees*

Finally, Plaintiff's First Amended Complaint also seeks an order compelling Defendant to pay its attorneys' fees as a result of having to bring this suit.

On this point, we note that Pennsylvania follows the "American rule" that attorneys' fees and costs are not recoverable from an adverse party unless a statute expressly authorizes the fees, there was a clear agreement among the parties to permit such recovery, or some other exception applies.

Medevac MidAtlantic, LLC v. Keystone Mercy Health Plan, 817 F. Supp. 2d 515, 534 (E.D. Pa. 2011).  "Consequently, in breach of contract matters, fees are unavailable absent an agreement between the contracting parties."  Id.  See also, McMullen v. Kutz, 603 Pa. 602, 985 A.2d 769, 775 (2009)("[t]he general rule within this Commonwealth is that each side is responsible for the payment of its own costs and counsel fees absent bad faith or vexatious conduct... this rule holds true unless there is express statutory authorization, a clear agreement of the parties or some other established exception...") and Kochmer v. Fidelity National Title Insurance Co., No. 3:12-CV-1676, 2013 U.S. Dist. LEXIS 56603 at *7 (M.D. Pa. April 19, 2013)(same)).

    Here, given that there is no evidence that the parties' contractual agreement included a provision or requirement for the payment of attorneys' fees, judgment shall be entered in favor of the defendant on this claim as well.

    An appropriate order follows.